IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,
   Plaintiff

V.                              CIVIL ACTION NO.: 5:09-0797

                                JURY TRIAL DEMANDED

DOMINIC MCATH, D.O., CLINIC DIRECTOR,
HEALTH SERV. ADMIN. THOMPSON,
ASSOCIATE WARDEN OPERATIONS PARR,
WARDEN BERKEBILE,
   Defendants

**FILED**
JUL 10 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District West Virginia

## BIVENS, COMPLAINT

### I. JURISDICTION:

This is a civil action authorized by Bivens, 403 U.S. 388 (1971). Defendants are sued in their individual and official capacities. This civil action is to redress the deprivations, under color of law, of the rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1313(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

### II. VENUE:

The Southern District of West Virginia is an appropriate venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PLAINTIFF

Plaintiff, Walter Duane White, is and was at all times mentioned herein a prisoner of the Federal Bureau of Prisons in the custody and currently confined at Federal Correctional Institution - Beckley, P.O. Box 1280 Beaver W.Va 25813.

## IV. DEFENDANTS:

1. Defendant McCain is the clinic director for F.C.I. Beckley. He directs the health service clinic and the day to day care for the Plaintiff.

2. Defendant Thompson is the Health Service administrator for F.C.I. Beckley. He is legally responsible to administrate the health service.

3. Defendant Vaughn is the Associate Warden Operations for F.C.I. Beckley. He is legally responsible for the operations of all the departments of F.C.I. Beckley, including the Health Service Department.

4. Defendant Berkebile is the Warden at F.C.I. Beckley. He is legally responsible for the operation of F.C.I. Beckley and for the safety and welfare of all the inmates of that prison.

5. Each defendant is sued individually, and in his official capacity. At all times mentioned in this complaint each defendant acted under color of law.

## IV. FACTS

Plaintiff is Hepatitis C positive and has conditions from an unknown etiology associated with his + Rheumatoid Factor (R.F.) and + Human Leukocyte Antigen B-27 and the associated chronic debilitating pain of the feet, legs, back, pelvic area and joints associated with it.

On 26 [illegible date], Plaintiff [illegible] to Physician ASP. CANAAN submitted a B.P. 5770.060 MEDICAL/SURGICAL AND PSYCHIATRIC REFERRAL REQUEST. See Exhibit 1, because of Plaintiff's multiple conditions, his medical needs could not be taken care of because lack of specialist i.e. Rheumatologist, Pain Specialist, and Urologist. Plaintiff because of his multiple serious medical needs, has trouble with his Daily Living activities and is vulnerable to injury, assault and victimization. Plaintiff needs to be at a facility that can care for his serious medical and the staff, and the facility here at F.C.I. BECKLEY is inadequate to care for such serious medical needs.

Plaintiff has been taken pain medication two (2) Tylenol 3's 3x5 a day since September along with IBUPROFEN 600's 3x5 a day and it was barely enough to control Plaintiff's pain. (See B.P. 5770.060 Exhibit 1 under CURRENT MEDICATION). Plaintiff has been taking this medication for ten (10) months. Hence the need for a pain specialist.

Plaintiff arrived at F.C.I. BECKLEY UCI on or about on THUR, 14 JAN without seeing Plaintiff Defendant McLain discontinued all of Plaintiff's pain medication. On THUR [illegible] Plaintiff had an appointment to see Defendant McLain, because Plaintiff went to "sick call" that Monday. Plaintiff complained of the chronic debilitating pain associated with his conditions and asked about his pain medication. Defendant McLain stated, "Those are controlled substances and you won't be getting that here" thereby refusing to give medication or treatment to eliminate the Plaintiff's pain and suffering at least temporary. Defendant

3)

McLain [illegible] is not a Medical Doctor (M.D.) Such doctors do not believe in prescribing medicines or using modern diagnostic procedures. They are only knowledgeable in musculoskeletal chiropractic. If you have trouble with your musculoskeletal, this is fine but they do not have the training or qualifications to handle serious medical needs (Plaintiff's Hepatitis C, Rheumatoid Illness and the associated chronic debilitating pain or his chronic prostatitis.) These facts is well known in the medical community. Defendant McLain sets treatment policy along with the other defendants.

Plaintiff sent "Cop-outs" to defendants Thompson, Warmer, and Barbabella stating that Plaintiff needed treatment for his serious medical needs, and if the staff and facility cannot care for his serious medical needs and associated chronic and debilitating pain to put in for a B.P.S770 SCO transfer request to a facility that can. In the Inmate Information Handbook it states that a "Cop-out" should have a response in 5 days. Plaintiff has not received any response. His complaints are being ignored and he consider a lack of response a denial. The defendants are acting in the face of knowing violations of written policy.

Plaintiff is suffering severe pain, faces unrepairable harm and ongoing danger because of his untreated Hepatitis C and faces physical assault and victimization because of his condition and has trouble with his daily living activities.

V. EXHAUSTION OF ALL REMEDIES:

Plaintiff, Walter Shane White used the grievance procedure over the last four (4)

years by filing numerous Administrative remedies #'s 465995, 500558 and 500558 to try to solve the problem of treating his serious medical needs. Plaintiff, Walter Duane White, presented facts in these complaints. Plaintiff always got a response saying that his grievances had been denied. Plaintiff has already started his administrative grievance process here at F.C.I. BECKLEY. Plaintiff is in the process of exhausting his available administrative remedies. He has sent "Cop-outs" to the defendants requesting care or if cannot be met, transfer to a facility that can adequately care for his medical needs. He has also filed a B.P.9. Plaintiff is filing this Complaint and accompanying motion for Preliminary Injunction now to prevent irreparable injury as a result of defendants' ongoing violation of his Constitutional rights. See JACKSON V. D.C., 254 F.3d 262, 267-68 (2001). Plaintiff will immediately notify the Court and file an amended Complaint once all available administrative remedies have been exhausted.

## IV LEGAL CLAIMS:

Plaintiff realleges and incorporates by reference sections I - II.

The deliberate indifference to plaintiff's serious medical needs and the chronic, debilitating pain associated with them, violates Plaintiff's, Walter Duane White, rights and constitutes Cruel and Unusual Punishment under the Eighth Amendment to the United States Constitution.

The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court

5

grants _____ of which Plaintiff seeks;

VII PRAYER FOR RELIEF:

Wherefore, Plaintiff respectfully prays that this Honorable Court enter judgement granting Plaintiff:

A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

A Preliminary injunction ordering defendants to adequately, properly treat Plaintiff's serious medical needs and give Plaintiff adequate proper medications and treatment to eliminate his chronic debilitating pain associated with his serious medical needs and if the staff and facility cannot or will not meet those needs transfer Plaintiff to a facility that can;

Compensatory damages in the amount of $100,000 against each defendant, jointly and severally;

Punitive damages in the amount of $100,000 against each defendant;

Exemplary damages - Damages given as an enhancement of compensatory damages because of the wanton, reckless, malicious, or oppressive character of the acts complained of, and by way of punishment of the defendants and a deterrent to others

Nominal damages - An award to which the Plaintiff is entitled, although he gives no evidence of any particular amount of loss, because the law infers damage from breach of an agreement or the invasion of a right;

Mental anguish - Mental suffering as distinguished from physical pain

(6)

Arrested by Marshalls or whatever it may happen.

A jury-trial on all issues triable by jury.

Plaintiff's costs in this suit.

Any additional relief this court deems just, proper and adequate.

### VIII CERTIFICATION:

Under penalty of perjury 28 U.S.C.A. §1746 I declare, state, verify, certify that the foregoing is true, correct, complete, certain to the best of my belief, experience, and knowledge.

Respectfully submitted,

THUR. 02 JUL 2K9
Date

Walter Duane White
WALTER DUANE WHITE, Pro-se
#05546-087
FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
P.O. BOX 350
BEAVER, WVa
25813



WALTER DUANE
#05046087
FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
P.O. BOX 350
BEAVER, WVa 25813

FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
P.O. BOX 1280
BEAVER, WV 25813
DATE: 7-9-09

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

CLERK, UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
110 NORTH HEBER STREET
ROOM 119
BECKLEY, WVa 25801

LEGAL/SPECIAL MAIL