IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WALTER DUANE WHITE,                )
                                   )
      Plaintiff,                    )
                                   )
v.                                 )      Civil Action No. 5:09-cv-0797
                                   )
DOMINICK MCCLAIN,                  )
Clinical Director, *et al.*,       )
                                   )
      Defendants.                   )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Plaintiff's Motion for Preliminary Injunction (Document No. 4.), filed on July 10, 2009; (2) Plaintiff's Motion to Proceed *in forma pauperis* (Document No. 5.), also filed on July 10, 2009 (Document No. 5.); (3) Plaintiff's Motion to Withdraw Complaint (Document No. 11.), filed on August 12, 2009, and (4) Plaintiff's Motion to Voluntary Withdraw Claims (Document No. 13.), filed on November 30, 2009. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.)

## FACTUAL AND PROCEDURAL HISTORY

On July 10, 2009, Plaintiff, proceeding *pro se* and in confinement at FCI Beckley, filed his Complaint pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971). (Document No. 1.) Plaintiff names the following individuals as Defendants: (1) Dominick McClain, Clinical Director; (2) Mr. Thompson, Health Service Administrator; (3) Mr. Harms, Associate Warden of Operations; (4) Warden Berkebile; (5) Director, Federal Bureau of Prisons; and (6) Harrell Watts, Administrator of Nation Inmate Appeals.

(Document No. 1, p. 2 and Document No. 3.) Essentially, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment of the United States Constitution by failing to provide him with adequate medical care for his Hepatitis C, Rheumatoid Factor,[1] Human Leukocyte Antigens B27[2], and the chronic pain of the feet, legs, back, pelvic area, and joints associated with the above medical conditions. (Document No. 1, pp. 1 - 2.) Plaintiff seeks compensatory and punitive damages. (Id., pp. 6 - 7.) Plaintiff further requests a preliminary injunction "ordering defendants to adequately and properly treat Plaintiff's serious medical needs and give Plaintiff adequate and proper medications and treatment to eliminate his chronic debilitating pain associated with his serious medical needs, and if staff and facility cannot or will not meet these needs, transfer Plaintiff to a facility that can. (Id., p. 6.)

On July 10, 2009, Plaintiff also filed a Motion for Preliminary Injunction. (Document No. 4.) Specifically, Plaintiff requests that the Court order Defendants to provide Plaintiff with "adequate medical care for his serious medical needs and the elimination of the associated pain, and if the state and the facility cannot do this, transfer him to a facility that can adequately and properly treat his serious medical needs and the elimination of his chronic debilitating pain associated with them." (Id., p. 8.)

On August 12, 2009, Plaintiff filed a "Motion to Withdraw Complaint." (Document No. 11.) Specifically, Plaintiff states as follows: "Now comes Plaintiff, appearing pro se, requesting leave to withdraw his complaint for the following reasons. On Wednesday, July 22, 2009, Plaintiff was

---

[1] Rheumatoid factors are autoantibodies, or proteins produced by your immune system that can attack healthy tissue in your body.

[2] Human leukoctye antigens are proteins that help the body's immune system tell the difference between its own cells and foreign, harmful substances.

approved and designated to a Federal Medical Center to be treated for his serous medical needs."
(Id.) On November 30, 2009, Plaintiff filed a "Notice of Change of Address/Motion to Voluntary
Withdraw Claims" advising the Court that he was transferred to FCI Butner for medical treatment.
(Document No. 13.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily
dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party
serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent
part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without
> prejudice. But if the plaintiff previously dismissed any federal – or state – court
> action based on or including the same claim, a notice of dismissal operates as an
> adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule
41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the
court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow
voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d
1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent
substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.
1986).  It is well established that prejudice to the defendant does not result from the prospect of a
second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D.
W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should
consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and
expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3)

insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction (Document No. 4.) and Motion to Proceed *in forma pauperis* (Document No. 5.), **GRANT** Plaintiff's Motion to Withdraw Complaint (Document No. 11.) and Motion to Voluntary Withdraw Claims (Document No. 13.), and **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

4

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: December 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge